Crowell v. Maughs.

SAMUEL S. CROWELL, appellant, *v.* MILTON M. MAUGHS, appellee.

*Appeal from Jo Daviess.*

A. sued B. in ejectment. C. who was not a party to the suit, presented a petition for a change of venue, which set forth that B. was in the possession of the premises in question under a lease from him as the trustee of D., the real owner. The application was denied by the Circuit Court: *Held,* that there was no error in that decision, the application not being made by the defendant, but by a third person.

The statute only authorizes the parties to a suit to obtain a change of venue, and the application must be made by a party to the record, who should verify his petition by affidavit.

In an action of ejectment, after the plaintiff had shown title to the *locus in quo* by virtue of a purchase from the United States in 1838, the defendant offered to prove, that in 1835, the plaintiff and a third person being the occupants and claimants of adjoining lots, by a parol agreement, established a line between them, which was thereafter to. be the boundary; that subsequently this third person built a house on his lot directly up to the line, which house was on the premises in. dispute, and that the plaintiff from the time the line was agreed on, had acquiesced in the same. This evidence was objected to by the plaintiff, and the objection sustained by the Court: *Held,* that it was properly rejected, the plaintiff, on the purchase of. the premises, having succeeded to the whole legal estate, unaffected by any previous parol agreement respecting the possession.

It is a familiar doctrine of the law, that the title to real estate cannot be transferred by parol, it being equally forbidden by the principles of the common law, and the express provisions of the Statute of Frauds. It is settled, however, that the proprietors of adjoining tracts of land may, by a parol agreement, settle a disputed boundary line between them; and such an adjustment of the boundary, if followed by corresponding possession, may be binding on the parties, not because it passes title, but because it determines the location where the estate of each is supposed to exist.

EJECTMENT in the Jo Daviess Circuit Court, brought by the defendant in error against the plaintiff in error. The cause was heard before the Hon. Thomas C. Browne and a jury at the October term 1844, when a verdict and judgment was rendered for the plaintiff below.

The facts of the case are briefly stated in the Opinion of the Court.

*C. S. Hempstead & E. B. Washburne,* for the appellant.

If Bennett could not be made a party to the record in a suit

where his rights are to be affected, he should certainly be permitted to defend in some way. If there was a prejudice against him on the part of the judge, in a matter where he was to be concluded, he had a right to a change of venue upon making the proper affidavit. *McClelland* v. *Spriggs*, 3 Bibb, 266; *Jackson* v. *Harrow*, 11 Johns. 433; *Jackson* v. *Babcock*, Ib. 112 *Buford* v. *Gaines*, 6 J. J. Marsh. 40; *Herbert* v. *Alexander*, 2 Call, 502; *Jackson* v. *Flint*, 2 Cowen, 595; *Lovelock* v. *Dancaster*, 3 T. R. 424.

The Court erred in rejecting the testimony offered by the defendant. It was perfectly competent for the parties to make an agreed line between their lots, and that agreement would prevent either of them from claiming contrary to it. *Jackson* v. *Ogden*, 7 Johns. 238; *Same* v. *McCall*, 10 do. 376; *Noys* v. *Chapin*, 6 Wend. 466; *McCormick* v. *Barnum*, 10 do. 109.

In *Jackson* ex dem. *Nellis* v. *Lisling*, 2 Caines, 198, it was held that a parol agreement to abide by a certain division line, would be sufficient to prevent either party from claiming in ejectment contrary to it, though it would not pass the land.

The doctrine of the case last referred to, is distinctly recognized in *Kip* v. *North*, 12 Wend. 130. Chief Justice Savage there says: "If there is a disputed line between two adjoining proprietors of land, it may be settled between them by a location made by both, or made by one and acquiesced in by the other for so long a time as to be evidence of an agreement of a line. There can be no doubt that an express parol agreement to settle a disputed or unsettled line is valid, if executed immediately and possession accompanies and follows such agreement."

Where a boundary is disputed between parties who own adjoining tracts of land, and they agree to erect a fence on what is supposed to be the true boundary, and the possession continues for twenty years, in absence of all counter proof of any other actual boundary, that line ought to be deemed the true one. *Wakefield* v. *Ross*, 5 Mason, 16; *Boyd* v. *Graves*, 4 Wheat. 513.

Where there is doubt as to the identity of the dividing lines, the parties may establish their lines by parol agreement. *Huston* v. *Matthews*, 1 Yerger, 116; *Wilson* v. *Hudson*, 8 do. 398; *Gore* v. *Richardson*, 4 Greenl. 327.

Boundaries established between the owners of contiguous lands ought not to be lightly disturbed.   *Colby* v. *Norton*, 19 Maine, (1 Appleton,) 417.

The issue to be tried under our statute is, whether or not the premises are wrongfully withheld.   Would not the testimony sought to be introduced by the defendant tend to prove that issue?

Acts and declarations of parties are competent evidence in questions of location.   Such acts and admissions do not conflict with the principle that a man shall not be divested of his title to land by parol declarations.   *Noyes* v. *Chapin*, 6 Wend. 469.   In this case, a witness was called to prove the declarations of the party claiming, the evidence was objected to, but the Court admitted it.

The acquiescence of Maughs was one thing proposed to be proved.   That was a question for the jury, and the Court had no right to exclude the testimony.   *Bradstreet* v. *Pratt*, 17 Wend. 44.

*S. T. Logan*, and *T. Campbell*, for the appellee.

*J. B. Wells* concluded the argument for the appellant.

The Opinion of the Court was delivered by

TREAT, J.*   This was an action of *ejectment* commenced in the Jo Daviess Circuit Court, by Maughs against Crowell, for the recovery of lot thirty one, in the city of Galena.   On the calling of the cause for trial, James Bennett presented a petition praying for a change of venue out of the Circuit, on account of the prejudice of the Judge.   The petition alleged that Crowell was in the possession of the premises in question under a lease made by the petitioner, as the

---

* WILSON, C. J., did not sit in this case.

trustee of James Bennett, Jr. the real owner. The Court denied the application, to which the defendant excepted. The cause was then submitted to a jury for trial. After the plaintiff had shown title to the premises, by virtue of a purchase from the United States in 1838, the defendant offered to prove, that in 1835, the plaintiff and James Bennett being the occupants and claimants of adjoining lots, by a parol agreement, established a line between them, which was thereafter to be the boundary; that subsequently, Bennett built a house on his lot directly up to the line, which house was on the premises in dispute; and that the plaintiff, from the time the line was agreed on, had acquiesced in the same. This evidence was objected to by the plaintiff, and excluded by the Court; to which decision the defendant excepted. The jury found a verdict for the plaintiff, and judgment was rendered thereon.

Crowell prosecutes an appeal, and assigns for error, the decision of the Circuit Court overruling the motion for a change of venue. There was no error in that decision. The application was not made by the defendant, but by a third person representing himself to be the trustee of an alleged owner of the premises in controversy. Our statute only authorizes the parties to obtain a change of venue. The application must be made by a party to the record, and the petition must be verified by his affidavit. The statute does not include persons out of the record, nor allow them to swear to the petition as agents or otherwise. It is to be feared that this statute has been frequently perverted, to the great detriment of suitors, and its provisions ought not to be extended by implication, so as to embrace persons not specifically named therein. Any other construction would lead to much inconvenience and mischief. A decision, that this application was properly made, would lay down the rule that any person, who alleged that his rights were to be affected by the determination of the case, might interfere and obtain a change of venue.

The decision of the Circuit Court excluding the evidence offered by Crowell, is also assigned for error. It is a familiar

doctrine of the law, that the title to real estate cannot be transferred by parol. It is equally forbidden by the principles of the common law, and the express provisions of the Statute of Frauds. It is settled, however, that the proprietors of adjoining tracts of land may, by a parol agreement, settle a disputed boundary line between them. Such an adjustment of the boundary, if followed by corresponding possession, may be binding on the parties, not because it passes title, but because it determines the location where the estate of each is supposed to exist. *Jackson* v. *Dysling*, 2 Caines, 198; *Kip* v. *Norton*, 12 Wend. 127.

It is insisted by the counsel for the appellant, that this principle is applicable to the present case. We think otherwise. At the time the agreement was made, the premises were the exclusive property of the United States. Neither of the parties had any title. They were mere tenants at sufferance, incapable of making any binding agreement respecting the lots, but what related to their temporary possession. The agreement, *ex necessitate*, could not extend beyond the mere occupancy. It was inoperative as against the proprietor, and ceased to be binding on the parties the the moment the title passed out of the Government. On the purchase of the premises by Maughs, he succeeded to the whole legal estate, unaffected by any previous parol agreement respecting the possession.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*