## First National Bank of Morris v. Isaac Levinson.

### Gen. No. 4,697.

1. BRIEFS—*effect of failure to file.* Under the rules existing in the second district, the failure of the appellee to file briefs is ground for a reversal *pro forma.*

. · 2. CHANGE OF VENUE—*right of corporation to.* A corporation is entitled to a change of venue equally with an individual and its petition therefor may be made by any authorized agent of the corporation.

3. CHANGE OF VENUE—*may be granted in proceeding to try right of property had under act of April 9, 1875.* The act providing for changes of venue applies to trials of the right of property had pursuant to the act of April 9, 1875.

Attachment proceeding. Appeal from the County Court of Grundy county; the Hon. GEORGE W. HUSTON, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded with instructions. Opinion filed November 9, 1906.

CORNELIUS REARDON, E. L. CLOVER and J. W. RAUSCH, for appellant.

No appearance for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant sued out an attachment against one H. B. Levinson, and levied on certain junk and other property. Isaac Levinson, a brother of H. B. Levinson, served notice upon the sheriff that he owned the property seized or attached under the writ, and demanded a trial of the right of property. There was a trial of the right of property in the County Court and a disagreement of the jury, another trial and a disagreement, and on the third trial the court directed a verdict for claimant, overruled a motion for a new trial, and entered judgment that claimant there and appellee here recover possession of the property with costs and charges, from which judgment this appeal is

prosecuted by the attaching creditor. Appellee having failed to file briefs, we might reverse the cause *pro forma* under rule 21. We have however, examined the case sufficiently to satisfy ourselves that we should point out some of the reasons for a reversal for the guidance of the court below. Immediately after the disagreement of the first jury defendant applied for a change of venue, on the ground of the prejudice of the trial judge, and filed a petition therefor verified by one who therein swore that he was the authorized agent of the defendant. The application was denied, and exception to the ruling was duly preserved in a bill of exceptions. A corporation is entitled to a change of venue equally with an individual, and its petition therefor may be verified by any authorized agent of the corporation. Com. Ins. Co. v. Mehlman, 48 Ill. 313. Section one of the act relating to change of venue authorizes a change of venue in any civil suit or proceeding in law or equity. If this is such a suit or proceeding in law, then the change of venue should have been granted. The statute, chapter 140a, section 7, concerning the trial of the right of property, provides: "The trial shall be had without written pleadings, before the county judge, in the same manner as other trials before the County Court, and may be by a jury." Provision is made for judgment and an appeal. In Sellers v. Thomas, 185 Ill. 386, it was said, concerning a trial of the right of property in the County Court, that "while the present proceeding may not be regarded as a suit at common law, yet it is clearly 'a proceeding at law.' The trial of the right of property as provided for in the act of April 9, 1875, is merely another form of the action of replevin without formal pleadings." The word "suit" applies to any proceeding in a court of justice for the recovery of a right or the redress of an injury. McPike v. McPike, 10 Ill. App. 332; 27 Am. & Eng. Ency. of L. (2nd ed.), 366. So far as we are able to see, in the

First Nat. Bank of Morris v. Levinson.

absence of a brief in behalf of appellee, this is a suit and the change of venue should have been granted.

From a consideration of the evidence it appears that it was a controverted question of fact whether the bill of sale from H. B. Levinson to his brother, the appellee, was in good faith or not, and that question should have been submitted to the jury. The court erred in giving the peremptory instruction to the jury to find for the plaintiff. The judgment is, therefore, reversed and the cause is remanded for a new trial, with instructions to grant the change of venue.

*Reversed and remanded with instructions.*