BARBARA WHITE HOWARD, Plaintiff-Appellant, *v.* CHARLES HOWARD, Defendant-Appellee.

Third District No. 76-451

Opinion filed March 30, 1977.

Robert L. Silberstein, of Peoria, for appellant.

Harry H. Sonnemaker, Jr., of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is by plaintiff-appellant, Barbara White Howard, from an order of the circuit court of Peoria County modifying a judgment for divorce.

■■ We note at the outset that appellee, Charles Howard, has not filed a brief in this appeal. Consistent with the principle enunciated by the Illinois Supreme Court in their recent decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493, since the record here is simple and the claimed errors are such that this court can easily decide them without the aid of an appellee's brief, we will decide the merits of this appeal.

On June 30, 1976, defendant-appellee, Charles Howard, filed a petition to modify an order regarding support entered in a post-divorce proceeding. On July 9, 1976, appellant filed a counterpetition to modify. On July 13, 1976, attorney for appellant filed a petition for change of venue setting forth he did not know of Judge Pucci's presence as presiding judge until July 12, 1976. On July 14, 1976, Judge Pucci denied

the petition for change of venue after causing the appellant to be questioned by opposing counsel and after ordering her to read the notice received by her into the record. The judge denied the appellant's counterpetition and granted appellee's petition to modify the prior order regarding support.

On this appeal the only issue is whether the trial court erred in denying appellant's petition for change of venue.

The applicable statutory provisions are "A change of venue in any civil action may be had in the following situations: 1. * * *; (2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, * * * or the judge is prejudiced against him, or his attorney, * * *. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties." (Ill. Rev. Stat. 1975, ch. 146, par. 1(2).) "Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case * * *." Ill. Rev. Stat. 1975, ch. 146, par. 3.

■■ The rule is well settled that a right to a change of venue is absolute where the petition is timely, in proper form, and in compliance with the statute. *Rosewood Corp. v. Transamerican Insurance Co.*, 57 Ill. 2d 247, 311 N.E.2d 673, and *Little v. Newell*, 14 Ill. App. 3d 564, 302 N.E.2d 739.) The petition in this case set forth the cause of the application, prayed for a change of venue and was verified by affidavit of the applicant. The petition was presented before the hearing began and before the judge to whom it was presented had ruled on any substantial issue in the case. Accordingly, petitioner complied with the applicable statutory provisions. The record seems to indicate the reason for the judge's decision was some confusion as to when the appellant's counsel knew Judge Pucci would preside. Because the petition was timely filed and complied in all other respects with the statute, whether defense counsel learned that Judge Pucci would preside on the date indicated in the petition or at some earlier date is immaterial. Accordingly, we hold the trial court erred in denying appellant's petition for change of venue.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions to vacate the order modifying the divorce decree and grant the petition for change of venue.

Reversed and remanded with directions.

STENGEL, P. J. , and SCOTT, J., concur.