DELMAR TEMPLETON, Plaintiff-Appellee, *v.* FIRST NATIONAL BANK OF NASHVILLE, Defendant-Appellant.

Fifth District   No. 76-424

Opinion filed April 5, 1977.

Robert W. Wilson, of Burroughs, Simpson, Wilson, Hepler and Broom, of Edwardsville, for appellant.

John P. Wham, of Wham & Wham, of Centralia, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant First National Bank of Nashville, Illinois, appeals from a summary judgment for $5,000 in favor of plaintiff-appellee Delmar D. Templeton entered in the Circuit Court of Washington County.

The complaint, filed November 6, 1973, alleged that plaintiff was the payee in a check for $5,000 drawn on defendant bank; that he deposited the check for collection in his own bank on June 18, 1973, and that it reached defendant through normal banking channels on June 22, 1973; that defendant did not pay or return the check or send notice of dishonor until after midnight of June 23, 1973, and that, therefore, defendant became liable to plaintiff for the amount of the check under the provisions of section 4—302 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 4—302).

On November 28, 1973, defendant moved to dismiss the complaint on the ground that the document in question was not a "check" as defined by the Code, but "a demand item other than a documentary draft," because it bore the notation "Payable April 20th 1973" below the signature line. Therefore, according to defendant's argument, the document was not covered by section 4—302 of the Code. The motion was argued January 24, 1975, and denied on February 14, 1975. Defendant then filed an answer denying the material allegations of the complaint and raising again, as an affirmative defense, the contention "that the check in question is not a 'check' but is a demand item other than a documentary draft * * *."

On August 12, 1975, almost two years after the complaint was filed, Alexander W. Hutchings, drawer of the instrument at issue, filed a motion to intervene as a party defendant, alleging that he was a proper party to the litigation and had a valid counterclaim against the plaintiff arising out the same subject matter. This motion was argued and denied on September 26, 1975. Hutchings did not appeal.

On October 31, 1975, W. E. Roberson, president of defendant bank, filed a motion for change of venue, alleging that he had reason to believe that he could not have a fair and impartial trial of the cause before the presiding trial judge because of the judge's bias and prejudice against him. On November 21, 1975, the motion was denied as untimely because the court had already ruled on substantial issues in the case.

On November 13, 1975, plaintiff moved for summary judgment, alleging that all material allegations of his complaint had been established by the pleadings and the discovery depositions of the defendant's president and cashier, taken September 26, 1975. After consideration of the briefs of the parties, the court granted summary judgment in favor of plaintiff on June 30, 1976.

On this appeal, defendant contends that the court erred in denying its application for change of venue, in denying Hutchings' motion to intervene and in granting summary judgment. We will discuss the issues in the order raised.

Section 1 of the Venue Act, as amended, provides in pertinent part that:

"A change of venue in any civil action may be had in the following situations:

* * *

(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him, or his attorney * * *. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties."

Ill. Rev. Stat. 1973, ch. 146, par. 1.

Section 3 provides:

"Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, *provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds.*"

(Emphasis added.) Ill. Rev. Stat. 1973, ch. 146, par. 3.

The petition in the instant case was entitled "motion for change of venue," and read in its entirety, absent captions, as follows:

"W. E. Roberson, being first duly sworn, deposes and says:

1. He is the President of the defendant corporation in the above-entitled action.

2. Affiant has reason to believe, and does believe, that he cannot have a fair and impartial trial of said cause before the Honorable Francis F. Maxwell, Judge of this Court, because of the bias and prejudice said Judge holds against affiant.

3. That said bias did not come to the attention of this defendant until the period within the last 30 days."

The petition was signed by Roberson over the jurat of a notary public. In its order of November 21, the court denied the petition as not timely because of its previous rulings in the case.

■■ Before the addition of the proviso in section 3 of the Venue Act, italicized above, it was well settled that a petition for change of venue was not timely if presented after the court had considered a substantial issue in the case. (See, *e.g.*, *Frede v. McDaniels*, 37 Ill. App. 3d 1053, 347 N.E.2d 259 (1st Dist. 1976); *Joseph v. Joseph*, 15 Ill. App. 3d 714, 305 N.E.2d 19 (1st Dist. 1973).) The Act does not contemplate that a litigant be permitted first to form an opinion that the trial court might be unfavorably disposed toward his cause, and then charge the court with prejudice as a basis for a change of venue. *Hildebrand v. Hildebrand*, 41 Ill. 2d 87, 242 N.E.2d 145 (1968).

The proviso, however, is frankly troublesome. Read literally, it would seem to indicate that a party could now do precisely what the court in *Hildebrand* held was forbidden: wait until a judge had decided motions virtually determinative of the case on the merits, and then come forward with a petition alleging the judge's prejudice. If such a petition were treated in the same manner as any other first petition for change of venue from a single judge, the judge would have no discretion but to grant it, and could not inquire into the truthfulness of its allegations. See *Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill. 2d 247, 311 N.E.2d 673 (1974); *Hoffmann v. Hoffmann*, 40 Ill. 2d 344, 239 N.E.2d 792 (1968); *Anderson v. City of Wheaton*, 25 Ill. App. 3d 100, 323 N.E.2d 129 (2d Dist. 1975).

We cannot believe that the General Assembly intended to make so drastic a change in the settled law, with such grave potential for abuse. The proviso was added to section 3 by Public Act 77-1452, effective September 7, 1971. The bill in which the amendment was made passed June 24, 1971. The transcripts of debates required by section 7 of article 4 of the 1970 Constitution were not recorded until October 1, 1971, with the result that no indication of the legislative intent in adding the proviso is

available. Nor have we found any cases that have interpreted the proviso. See *People ex rel. Village of Northbrook v. City of Highland Park*, 35 Ill. App. 3d 435, 443, 342 N.E.2d 196, 202 (1st Dist. 1976), where the court adverted to it, but found it inapplicable.

Absent both legislative history and previous judicial constructions, we are left with the language of the proviso itself. We do not think that the words "may be presented based upon such grounds" indicate a legislative intention that the right to a change of venue in such a case be absolute. We think rather that the proviso should be interpreted to require specific allegations to support the charges of prejudice, and that a petition presented after the trial or hearing has begun, or after the judge to whom it is presented has ruled on a substantial issue in the case, should be granted only in the sound discretion of the court. (*Cf. Rosewood Corp. v. Transamerica Insurance Co.*, involving a petition seeking a change of venue from more than one judge.) A party should not, of course, be compelled to have his case heard by a judge who is in fact prejudiced against him. Neither, however, should a party be permitted to ascertain a judge's attitude towards the issues in the case and then remove him on the basis of unsupported general allegations of prejudice. It is well settled that a petition made to avoid an expected adverse ruling or to delay the proceedings should not be granted. *Hoffman v. Hoffman; Getz v. Del E. Webb Corp.*, 38 Ill. App. 3d 880, 349 N.E.2d 682 (1st Dist. 1976); *Department of Public Works & Buildings v. First National Bank*, 9 Ill. App. 3d 633, 292 N.E.2d 487 (3d Dist. 1973); *Paramount Paper Tube Corp. v. Capital Engineering & Manufacturing Co.*, 11 Ill. App. 2d 456, 138 N.E.2d 81 (1st Dist. 1956).

■■■ Here, the petition for change of venue was presented almost two years after the complaint was filed, and more than eight months after the court ruled on substantial issues in denying defendant's motion to dismiss. In these circumstances, we do not think that the court abused its discretion in denying the petition as untimely. Even if the petition had been timely presented, the court below would have been justified in denying it. By its terms, the Venue Act applies only to a party or his attorney. Its provisions do not extend to one not a party of record. (*Crowell v. Maughs*, 7 Ill. 419 (1845); *cf. Jenkins v. Pope*, 93 Ill. 27 (1879).) W. E. Roberson was and is not a party to this case, nor the attorney of a party. He is the president of the defendant bank. It is true that a corporation is as entitled as any party to make application for a change of venue. As a corporation can act only through its agents, its petition may be verified by any authorized agent. (*Commercial Insurance Co. v. Mehlman*, 48 Ill. 313 (1868); *First National Bank v. Levinson*, 129 Ill. App. 173 (2d Dist. 1906).) In the instant case, however, the petition did not allege that the judge was prejudiced against the party, the First National

Bank of Nashville, but against Roberson, the bank's president, who was not a party or the attorney of a party. Such an allegation was, we think, insufficient as a matter of law to meet the statutory requirements. Therefore the court below did not err in denying the petition for a change of venue.

■■ Nor did the court err in denying Hutchings' motion to intervene in the action. In the view we take of the case, whatever rights Hutchings may have had against plaintiff were totally distinct from plaintiff's action against the bank. The dispositive section of the Commercial Code, section 4—302(a), makes the bank accountable for a demand item retained beyond its midnight deadline "whether properly payable or not." (Ill. Rev. Stat. 1973, ch. 26, par. 4—302(a).) Hutchings' proposed counterclaim against plaintiff, raising the issue that the document in question was not properly payable, would thus have been totally irrelevant to plaintiff's action against the bank. In any event, Hutchings did not choose to appeal from the court's denial of his motion, and this issue is not now properly before us.

■■ Finally, we must also reject defendant's contention that the court erred in granting summary judgment for plaintiff. Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57(3)) provides that summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." According to the depositions of the president and the cashier of defendant bank, the item at issue was received June 22, 1973, and not returned until June 28, 1973, despite the fact that the bank had received a stop payment order from the item's maker on May 15, 1973. In both its motion to dismiss and its answer, defendant admitted that the item in question was "a demand item other than a documentary draft," thus (contrary to the apparent understanding of defense counsel) bringing the item squarely within the provisions of section 4—302 of the Commercial Code:

> "In the absence of a valid defense * * *, if an item is presented on and received by a payor bank the bank is accountable for the amount of
>> (a) a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or * * * does not pay or return the item or send notice of dishonor until after its midnight deadline * * *."

Ill. Rev. Stat. 1973, ch. 26, par. 4—302.

As the time for taking action on the item in question commenced to run

upon receipt by the bank, it is quite clear that the bank became accountable for the amount of the item when it retained it beyond midnight of June 23, 1973. (See Ill. Rev. Stat. 1973, ch. 26, par. 4—104(1)(h).) It is settled that section 4—302 makes a bank strictly liable for undue retention of an item presented to it for payment. (See *Rock Island Auction Sales, Inc. v. Empire Packing Co.*, 32 Ill. 2d 269, 204 N.E.2d 721 (1965).) The court below properly found that no genuine issue as to any material fact remained in the case, and that the plaintiff was entitled to judgment as a matter of law.

For the foregoing reasons, the judgment of the Circuit Court of Washington County is affirmed.

Affirmed.

CARTER, P. J., and JONES, J., concur.