JERRY LEBOVITZ, Plaintiff-Appellant, *v.* WILLIAM CAHILL, M.D., Defendant-Appellee.

First District (2nd Division)   No. 77-1421

Opinion filed March 20, 1979.

A. Denison Weaver, of Chicago, for appellant.

Neil K. Quinn, of Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from a judgment for defendant in a medical malpractice action. The issues are: (1) whether the court erred in denying plaintiff's petition for a change of venue; and (2) whether the court erred in denying plaintiff's motion for leave to file a late jury demand. The pertinent facts follow.

On July 29, 1974, plaintiff, Jerry Lebovitz, filed a two-count complaint in the circuit court of Cook County, seeking damages for the alleged medical malpractice of defendant, Dr. William Cahill, in count I, and for the alleged negligence of Columbus Hospital in count II. Plaintiff did not file a jury demand with his complaint. Soon after, Columbus Hospital and defendant each filed an appearance, answer, and jury demand.

Plaintiff's action was assigned to the malpractice section of the law division of the circuit court. At the time, the malpractice section was composed of a supervising judge, the Honorable David A. Canel, and three other trial judges. Pursuant to the procedure adopted in that section, of which we take judicial notice, all proceedings prior to the assignment of a case for trial, such as discovery procedures, pretrial motions, and pretrial conferences, are conducted before the supervising judge.

On December 12, 1975, Columbus Hospital presented its motion for summary judgment (incorrectly denominated as a motion to dismiss) to Judge Canel, the supervising judge. After multiple continuances, Judge Canel conducted a hearing on the motion and entered summary judgment in favor of Columbus Hospital and against plaintiff. After plaintiff's motion to vacate the summary judgment order was denied, plaintiff appealed, but the appeal was later dismissed by stipulation of the parties. Other pretrial activities by Judge Canel included the holding of several pretrial conferences and a decision limiting the number of nontreating experts to be called by this defendant at trial.

The cause came on for trial twice, on March 30 and April 4, 1977, but each time it was continued prior to assignment to any specific trial judge. On the morning of May 4, 1977, finding that the other three trial judges in the malpractice section were engaged, the supervising judge assigned the case out to trial to himself. Plaintiff immediately petitioned for a change of venue pursuant to sections 1, 2, and 3 of the Venue Act (Ill. Rev. Stat. 1977, ch. 110, pars. 501, 502, and 503 (formerly ch. 146, pars. 1, 2, and 3)), on the ground that the trial judge was prejudiced against him and his attorney. The court denied the petition.

Defendant's counsel then announced that he was going to withdraw his jury demand, which had been on file since defendant filed his appearance in September of 1974. Plaintiff then requested leave to file his own jury demand. Plaintiff's counsel stated that some weeks before, defendant had suggested in open court that he might withdraw his jury demand, but defendant later advised plaintiff that he was not going to do so. Therefore, plaintiff was taken by surprise by defendant's withdrawal of his jury demand. The court thereupon denied plaintiff's request for leave to file his own jury demand.

Plaintiff also moved for a continuance to determine the availability of his expert witness. The court indicated that the trial would begin at 2 p.m. that afternoon, with him as the trier of fact.

When the court reconvened at 2 p.m., and prior to the giving of opening statements, plaintiff moved that the court disqualify himself on the ground that the court was personally acquainted with some of the expert witnesses in the case, particularly one whom defendant expected to call. The court denied the motion and proceeded to hear the case as the

finder of fact.[1] At the close of all the evidence, the court found the issues in favor of defendant and entered judgment thereon. This appeal followed.

The first issue is whether the court erred in denying plaintiff's petition for a change of venue. Section 1 of the venue act (Ill. Rev. Stat. 1977, ch. 110, par. 501 (formerly ch. 146, par. 1)) provides in pertinent part:

> "A change of venue in any civil action may be had in the following situations:
> * * *
>
> (2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him, or his attorney,* * *. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties."

Section 3 of the venue act (Ill. Rev. Stat. 1977, ch. 110, par. 503 (formerly ch. 146, par. 3)) provides:

> "Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs [sic] thereafter, a petition for change of venue may be presented based upon such grounds."

■■ It has been held that the provisions of the venue act are to be liberally construed in order to effect rather than defeat a change of venue (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 111, 285 N.E.2d 156), particularly where prejudice on the part of the judge is charged. (*Pavlis v. Jewel Tea Co.* (1977), 53 Ill. App. 3d 287, 288-89, 368 N.E.2d 719; *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 1054, 347 N.E.2d 259.) Accordingly, the right to a change of venue on account of prejudice on the part of the trial judge is absolute where the motion is timely filed, in proper forms, and in compliance with the statute. *Howard v. Howard* (1977), 46 Ill. App. 3d 856, 857, 361 N.E.2d 342; *Frede v. McDaniels.*

■■ Nevertheless, a petition for a change of venue must be made at the earliest practicable moment. (*H. Watson Development Co. v. Bank & Trust Co.* (1978), 58 Ill. App. 3d 423, 431, 374 N.E.2d 767; *Fennema v. Joyce.*) Once the trial judge has ruled on any substantial issue in the case, the right to a change of venue is no longer absolute, but rather the petition

---

[1] It is only to this motion, and not the earlier petition for a change of venue, that the trial court's memorandum opinion refers. Plaintiff raises no issue on appeal regarding the denial of his motions for a continuance and for recusal, and we express no opinion thereon.

must set forth specific allegations to support the charge of prejudice, and the petition will be granted only in the sound discretion of the court. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 128-29, 371 N.E.2d 232; *Templeton v. First National Bank* (1977), 47 Ill. App. 3d 443, 447, 362 N.E.2d 33; see also *Board of Trustees v. Cook County College Teachers Union Local 1600* (1976), 42 Ill. App. 3d 1056, 356 N.E.2d 1089.) The policy behind the rule is said to be the avoidance of judge shopping (*American State Bank v. County of Woodford*), in that a party should not be permitted to ascertain a judge's attitude toward the merits of his case and then remove him on the basis of unsupported general allegations of prejudice. *Templeton v. First National Bank.*

While the parties are in apparent agreement on these controlling principles, they differ as to their applicability to the case at bar. Defendant contends that plaintiff's petition, which contains only a general allegation of prejudice, was not filed until after the trial judge had ruled on several substantive issues in the case. Plaintiff concedes that such rulings were made, but points out that they were all made prior to the time that the case was assigned to a trial judge. Plaintiff contends that his petition was filed at the earliest possible moment after he was apprised of the identity of the trial judge, and therefore the court was compelled to grant the petition.

While the matter is not free from all difficulty, we agree with defendant and hold that under the facts at bar, plaintiff no longer had an absolute right to a change of venue at the time of his petition, and therefore his petition could properly be denied. Plaintiff had ample notice of Columbus Hospital's motion for summary judgment and of the fact that it would be argued before Judge Canel, and plaintiff conceded at oral argument that he could have petitioned for a change of venue at that point. Yet plaintiff permitted Judge Canel, the same judge to whom the petition was presented, to decide a motion necessarily going to substantive issues in the case. It is clear, then, that plaintiff's petition was not presented at the earliest practicable moment, but only after he had ascertained the judge's attitude toward the merits of his case. Therefore, his petition, containing only general unsupported allegations of prejudice, was insufficient and was properly denied.

The next issue is whether the court erred in denying plaintiff's motion for leave to file a jury demand, made immediately after defendant withdrew his jury demand. In *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201, our supreme court was confronted with a nearly identical situation, in the context of an action for personal injuries. The court stressed the absence of inconvenience or prejudice, in that the case was already on the jury docket and both parties had anticipated a jury trial. (73 Ill. 2d 90, 96, 382 N.E.2d 1201.) The court also

emphasized the presence of good cause, in that the plaintiff had already lost the benefit of a more prompt adjudication through a bench trial, and a denial of his late jury demand would deprive him of the advantage of a jury trial as well. (73 Ill. 2d 90, 97, 382 N.E.2d 1201.) Without purporting to establish a *per se* rule, the court held that under those facts, the trial court abused its discretion in denying plaintiff's motion for leave to file a late jury demand. 73 Ill. 2d 90, 99, 382 N.E.2d 1201.

Similarly, in the instant case, defendant's demand for a jury had been on file for almost three years when, on the day of trial, he withdrew the demand. No inconvenience or prejudice would have resulted if the trial court had granted plaintiff's request for a jury trial, and the same good cause found by the court in *Hernandez* would appear to be present here. While the decision to grant or deny the motion remained in the court's discretion (73 Ill. 2d 90, 97, 382 N.E.2d 1201), in the exercise of its discretion the court should not have ignored the fact that a constitutional right was at stake and that no inconvenience or prejudice would have resulted if the motion had been granted. (73 Ill. 2d 90, 97, 382 N.E.2d 1201.) The court's denial of the demand failed "to give proper recognition to the need to protect 'the jealously guarded right of trial by jury.'" 73 Ill. 2d 90, 97, 382 N.E.2d 1201, quoting *Stephens v. Kasten* (1943), 383 Ill. 127, 135, 48 N.E.2d 508. Compare *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205.

■■ Accordingly, while the trial court did not err in denying the petition for a change of venue, we hold that the court abused its discretion in denying plaintiff's motion for leave to file a late jury demand. The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial, with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

DOWNING and HARTMAN, JJ., concur.