*In re* SCOTT MICHAEL DIVELY, a Minor.—(ALICE R. KIEL *et al.*, Petitioners-Appellants, *v.* THE PEOPLE *ex rel.* DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent-Appellee.)

Second District   No. 79-34

Opinion filed December 12, 1979.

Michael J. Colwell and Kevin W. Bloese, both of Dreyer, Foote & Streit, of Aurora, for appellants.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order denying a petition of Alice R. and Wayne Kiel which sought to vacate an order placing the minor in the custody of the Department of Children and Family Services (DCFS), and which also requests the placement of the minor with petitioners. The Kiels also appeal from the denial of their petition for change of venue.

The minor was born out of wedlock on July 17, 1974. His mother, Mary Dively, had made friends with the Kiels at their mutual place of employment. In April of 1975, Mary Dively, who had for six months been unemployed, came to live with the Kiels. Two or three weeks later she brought the minor to live there also. Mrs. Kiel was responsible for caring for the minor while he was living there. Mary Dively moved out of the Kiel home in November of 1976, taking the minor with her. Two days later she returned him to the Kiels. The minor remained there until March of 1977, when his mother again took him for three days and then returned him. DCFS assisted the Kiels in seeking and obtaining a license as foster parents, which was received around July of 1977. Meanwhile, Richard S. Layman of DCFS was appointed temporary guardian of the minor; a petition was filed to adjudicate the minor as neglected; the Layman guardianship was twice ordered to continue; and the minor was

adjudicated neglected on July 13, 1977; on the same date the Layman guardianship was reaffirmed.

On May 17, 1978, a hearing was held in which the court granted Mary Dively the right to have a visitation with the minor. On May 24, 1978, another hearing was held in which Mary Dively requested that custody of the minor be returned to her. Mrs. Kiel had been sent a certified letter by DCFS advising her of Mary Dively's request, that a hearing was to be held on the matter and Mrs. Kiel was invited to attend. After the hearing, the court ordered custody returned to the natural mother under the supervision of DCFS. The record further reveals that on September 20, 1978, another hearing was held at which time, on the recommendation of DCFS, the court determined that the minor should be removed from the natural mother's custody as well and should be placed in a "neutral situation." Mrs. Kiel was present at this hearing. A youth warrant was issued on September 25, 1978; it was executed on September 28; and the child was removed from the Kiel home.

On October 4, 1978, the Kiels filed a petition to vacate the order for the youth warrant and requested a return of custody. On October 30 the Kiels and their attorney filed petitions for change of venue; the petitions were denied the same day. On November 2, 1978, a hearing was held on the motion to vacate and that motion was denied. This appeal followed.

A threshold question is whether the petitioners, Mr. and Mrs. Kiel, have standing. Section 1—20(2) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—20(2)) provides that a foster parent has the right to be heard by the court, but does not thereby become a party to the proceedings. Petitioners contend that they have standing based on their "substantial interest" in the minor due to the fact that they had been responsible for the care and custody of the minor for two years prior to his adjudication of neglect and thereafter as foster parents; they cite in support of this proposition the cases of *In re Anast* (1974), 22 Ill. App. 3d 750, 318 N.E.2d 18, and *In re Jennings* (1977), 68 Ill. 2d 125, 368 N.E.2d 864.

We have considered *Anast* and *Jennings*, but do not believe a discussion of those cases is necessary to a resolution of the present cause. The parties and the court below analyzed the question of the Kiels' standing in the light of section 1—20(2). Although that section specifically places limits on the rights of foster parents, we note that the section falls within article I of the Juvenile Court Act, which sets out various general provisions. However, in the present cause the minor had been adjudicated neglected in July 1977 and the hearing on petitioners' motion was dispositional; more specifically, the court was requested to consider a change of custody. It is accordingly appropriate that guidance be

obtained from article V of the Juvenile Court Act, which governs dispositions.

■■■ Section 5—8(3) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—8(3)) provides in relevant part:

"The minor or any person interested in the minor may apply to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person or for the restoration of the minor to the custody of his parents or former guardian or custodian."

Considering the amount of time the Kiels cared for the minor, the fact that they have expressed a present desire to adopt him and that they have been his foster parents, we conclude that the Kiels are persons "interested in the minor" under section 5—8(3). It was therefore proper for them to request a change in custody as they did in the petition to vacate. We note that section 5—8(3) does not declare persons interested in the minor to be nonparties as section 1—20(2) does as to foster parents, and we conclude that a person who is interested in the minor under section 5—8(3) is a party and has the right to appeal.

■■ Having determined that the Kiels have the right to appeal, we must decide whether the court erred in denying the petition for change of venue and in denying the petition to vacate. The record demonstrates that the basis for the trial court's denial was its belief that the Kiels did not have standing to file a petition for change of venue, since it believed that the Kiels only had access to the proceedings through section 1—20(2). As discussed above, the Kiels were parties under section 5—8(3), and they therefore had the right to request a change of venue. Although the court had already made rulings on a number of matters by the time the change of venue was requested, the petition for the change alleged a newly discovered prejudice of the judge and was therefore timely. Ill. Rev. Stat. 1977, ch. 110, par. 503.

■■ The granting or denial of a petition for change of venue based on newly discovered prejudice is a matter within the sound discretion of the trial court. (*Templeton v. First National Bank* (1977), 47 Ill. App. 3d 443, 362 N.E.2d 33.) We note that the order denying the change states that the court reached no conclusions regarding the matters allegedly constituting the prejudice on the part of the court; however, at the hearing on the petition, the court noted that the allegations were a matter of proof and then denied the petition on the basis that the Kiels lacked standing, rather than hearing testimony and argument and making a ruling on the allegations themselves. Under the circumstances, and considering the record as a whole, we conclude that the trial court abused its discretion in denying the change of venue. We accordingly reverse the order denying

the change of venue, vacate the order which denied the motion to vacate the order denying the request for return of custody to the Kiels and remand the cause for further proceedings before another judge.

*Reversed in part; vacated in part and remanded.*

NASH and SEIDENFELD, JJ., concur.