ETHEL E. YAW, Plaintiff-Appellee, *v.* LESTER BEEGHLY *et al.*, Defendants-Appellants.—(Lester Beeghly *et al.*, Plaintiffs-Appellants, *v.* Stuart W. Kaiserman, Defendant-Appellee.)

First District (4th Division)   No. 81—1963

Opinion filed September 30, 1982.

Vincent C. Lopez, of Chicago (Richard P. Glasser, of counsel), for appellants.

Camillo F. Volini, of Chicago (J. Colleen Lyman and John W. Spoeri, of counsel), for appellees.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Lester Beeghly and Martha Beeghly (hereinafter appellants) appeal from three orders of the Circuit Court of Cook County, Chancery Division: (1) an order approving the final report of the court-appointed receiver granting the receiver fees of $8,597.50 and discharging the receiver from further duties; (2) an order denying appellants' motion to vacate an earlier order discharging the receiver and granting the receiver's motion to dismiss appellants' complaint at law; and (3) an order denying appellants' motion for a change of venue and motion to vacate the order of April 8, 1981, which dismissed a negligence suit against the receiver.

The original cause of action has been settled by agreement of the parties. The trial court held hearings on several related issues and en-

tered several orders. It is from three of those orders that this appeal is taken.

The following issues are presented on review: (1) whether appellants' action at law was properly consolidated with the chancery action by order of the trial court, and assuming it was not, whether this court has appellate jurisdiction to review the trial court's order since it was not raised by appellants in their notice of appeal; (2) whether appellants' motion for change of venue was timely filed; (3) whether the trial court abused its discretion in dismissing *ex parte* appellants' action in negligence; and (4) whether discharge of the receiver bars subsequent tort claims against him.

We affirm.

In June 1961, Ethel Yaw, plaintiff in the chancery action, and appellants entered into an installment contract for the sale of an apartment building owned by Yaw for $210,000. Under the terms of the contract, appellants were to pay for the building in monthly installments of $1,620 each beginning August 1, 1961, until December 15, 1970, at which time either of the parties could secure a mortgage for the balance due to Yaw. If no mortgage could be secured, then appellants were to continue the monthly payments. The agreement also provided that appellants were to live on the premises rent free from August 1961 to December 1970. A later agreement provided that appellant Lester Beeghly would be paid a salary in return for performing janitorial services for the building. Yaw lived in the building from 1961 until 1967.

Sometime in 1967, Yaw executed a power of attorney, naming Milton Chamberlain her attorney in fact. From that point on, Chamberlain administered all of Yaw's business affairs, including institution of this lawsuit. On March 8, 1978, Chamberlain, on behalf of Yaw, filed an action in the Chancery Division of the Circuit Court of Cook County seeking rescission and cancellation of the 1961 sales contract quieting title to the property, and seeking forcible entry and detainer. The complaint charged that appellants failed to make proper payments under the contract during 1977.

On April 13, 1978, Yaw filed a motion for summary judgment and other injunctive relief. Appellants did not respond and, on May 26, 1978, Yaw's motion for a default judgment was granted.

On June 26, 1978, appellants filed a motion to vacate the default judgment and a motion to strike portions of the complaint. On August 16, 1978, Yaw filed a motion for summary judgment. Chamberlain, the attorney in fact, filed an affidavit stating that Yaw was confined to a nursing home and dependent on the income from the property.

On October 5, 1978, appellants filed an affirmative defense and counterclaim seeking partition or sale of the property and attorney fees. On October 27, 1978, the trial court heard Yaw's motion to appoint a receiver which it granted on November 15, 1978. On November 30, 1978, appellants filed their first motion for change of venue, which was denied. On January 19, 1979, the court ordered appellants to present themselves for depositions by Yaw's attorney, but they did not appear. On March 6, 1979, appellants filed their second motion for change of venue, which was denied. On that same day, the trial court continued the case after being informed that Yaw had died on February 16, 1979. On March 6, 1979, appellants also made a motion for a jury trial.

On March 7, 1979, Chamberlain, the executor of Yaw's estate, was substituted as plaintiff in the then pending cause. The court granted Yaw's motion to strike appellants' jury demand. The case was continued throughout the remaining months of 1979. On May 28, 1980, the court granted the parties' motion for dismissal of the cause by agreement and a motion for approval of the receiver's final report.

On June 30, 1980, appellants filed an action at law against the receiver charging negligence in his handling of the property. Appellants also filed a motion to vacate the court's order of May 28, 1980. These motions were continued throughout the remainder of 1980.

On March 4, 1981, a trial judge of the law division granted the receiver's motion to consolidate the law action with the chancery action. All pending matters were set for hearing on April 8, 1981. On that date, neither appellants nor their attorney appeared. The court proceeded with the hearing and entered an order denying appellants' motion to vacate the order of May 28, 1980, and dismissing their negligence complaint.

On May 8, 1981, appellants filed a motion to vacate the order of April 8, 1981. On June 24, 1981, the court denied that motion to vacate. On July 23, 1981, appellants filed notice of appeal of the following orders: (1) order of May 28, 1980, which approved the receiver's final report, granted receiver a fee of $8,597.50, and discharged receiver; (2) order of April 8, 1981, denying appellants' motion to vacate the order of May 28, 1980, and granting receiver's motion to dismiss appellants' complaint in negligence; and (3) the order of June 24, 1981, denying appellants' motion to vacate the order of April 8, 1981, and denying appellants' motion seeking a change of venue.

Appellants contend the consolidation of the law and equity actions was improper since the chancery action was dismissed on May 28, 1980, and the consolidation order was issued on March 4, 1981. At is-

sue in the instant case is whether this court has jurisdiction even if consolidation was proper.

■■ After the law and chancery actions were consolidated on March 4, 1981, appellants did not object. Neither did they object in their notice of appeal filed July 23, 1981. The issue was first raised in appellants' brief. An appellate court has jurisdiction of only those matters raised in the notice of appeal. (*Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Since the propriety of the consolidation order was not raised in the notice of appeal, we hold that this court lacks jurisdiction to consider whether that order was improper. *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 99.

Appellants next contend they were entitled to change of venue as of right and that the trial court erred in denying their motions. Appellants moved for a change of venue on November 30, 1978, and March 6, 1979.

The right to a change of venue on account of prejudice of the trial judge is absolute where the motion is timely filed. (*Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 617, 387 N.E.2d 943, 945.) A petition for a change of venue must be made at the earliest practicable moment. Once the judge has ruled on any substantial issue, the right to a change is no longer absolute but is a matter of discretion. *Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 617-18.

■■ Appellants argue that their motions were timely filed and that no substantial issue had been ruled on by the court. We disagree. Prior to appellants' first motion, the trial court ruled on motions for summary judgment and appointed a receiver for the property. These are substantial issues.

■■ However, if after the trial judge has ruled on a substantial issue, a party has legitimate reason to believe the judge is prejudiced, he may yet petition for change of venue. He must set forth in his petition the specific allegations to support his charge of prejudice and the petition will be granted only in the sound discretion of the court. (*Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 618, 387 N.E.2d 943, 945.) Neither of the petitions for change of venue stated any specific allegations of prejudice. Instead, appellants stated in a general way that they would not receive an impartial trial. We hold that under these facts the appellants did not meet the criteria for mandatory nor discretionary change of venue. Therefore, the trial judge did not abuse his discretion in denying appellants' motions for change of venue.

Appellants' next contention is that the trial court abused its discretion in proceeding *ex parte* and dismissing the negligence action against the receiver. Appellants argue that a continuance should have

been granted because their counsel was before another court at the time. At the hearing, the opposing counsel told the trial judge that he had learned through a telephone call to his secretary that appellants' counsel was "at 26th Street and would send someone over to request a continuance." The opposing counsel also stated: "I am not requesting a continuance for myself." No one appeared on behalf of appellants or their counsel to request a continuance.

■ No duty is imposed upon a trial court to continue a case when no request for continuance has been made. The trial court has broad discretion in granting a continuance. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 293, 408 N.E.2d 1014, 1018.) Absence of counsel is just one factor to be considered in granting a continuance. A more important factor is whether the party seeking a continuance had acted with diligence. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 294.) The very fact that no one appeared to seek a continuance can be construed as lack of diligence. We hold, therefore, that the trial judge did not abuse his discretion by proceeding *ex parte.*

Appellants' final contention is that discharge of the receiver and acceptance of his final report does not bar a subsequent negligence action against him. We disagree. Appellants' negligence suit was dismissed on April 8, 1981. They moved to vacate on May 8, 1981. On June 24, 1981, the trial court denied the motion and on July 23, 1981, appellants filed their notice of appeal.

At the hearing to approve the receiver's final report and fees, all parties were present and, thus, had an opportunity to argue before the court entered its order.

The doctrine of *res judicata* acts as a bar to a second adjudication where there exists identity of parties, subject matter and cause of action, if there was a former adjudication on the merits by a court of competent jurisdiction. (*Bass v. Scott* (1979), 79 Ill. App. 3d 224, 225, 398 N.E.2d 236, 238.) The doctrine extends not only to questions actually litigated in former adjudicaton but also to matters which could have been decided in that suit. *Bass v. Scott* (1979), 79 Ill. App. 3d 224, 225.

■ Although a new suit in negligence was brought against the receiver, it was clearly based on his conduct in executing his duties as receiver. At the hearing to approve the receiver's final report, appellants objected generally to approval of the receiver's report but did not develop the basis for their objection, nor did they appeal the trial court's order on that basis once it was entered. To allow appellants to avoid the doctrine of *res judicata* simply by bringing a new suit would

undermine its very purpose. We hold, therefore, that the doctrine of *res judicata* bars appellants from bringing a negligence suit against the receiver.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.