BELL FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* ALBERT F. BELCASTRO *et al.*, Defendants—(Mary Belcastro, Defendant-Appellant).

First District (4th Division)   Nos. 81—3175, 82—1019 cons.

Opinion filed May 26, 1983.

Mary Belcastro, of Oak Park, for appellant, *pro se.*

No brief filed for appellee.

JUSTICE LINN delivered the opinion of the court:

Mary Belcastro (Mary), who is the *pro se* defendant, prosecutes this appeal from several orders entered in a foreclosure proceeding brought by plaintiff, Bell Federal Savings & Loan Association (Bell), as mortgagee. Bell sought to foreclose the mortgage on property located at 1178 South Harvey in Oak Park, Illinois, against Albert F. Belcastro (Albert) and Mary, his wife, as mortgagors.

We recently have had occasion to consider litigation between Mary and Albert. A judgment of separate maintenance entered on October 5, 1977, granted Mary exclusive possession of the marital home. However, on July 31, 1979, an order was entered directing the parties to offer the marital home for sale on April 1, 1980. On May 5, 1980, an order was entered terminating Mary's right to exclusive possession of the marital home. The previous appeal affirmed an order denying Mary's petition to vacate the July 31, 1979, order directing that the marital home be sold. (*In re Marriage of Belcastro* (1982), 103 Ill. App. 3d 1199 (Rule 23 order).) The record shows that the orders entered in the separate maintenance action remain in effect.

The complaint for foreclosure was filed on February 17, 1981. Although served personally, Mary filed a special appearance and moved to dismiss on the grounds that the issues had been litigated in the separate maintenance action and that the trial court lacked jurisdiction because such orders were pending on appeal in cause No. 80—3131. Mary also claimed in her pleadings that she had tendered payments that Bell had refused and that Bell had arbitrarily cancelled the insurance on the property.

Bell moved to strike the aforesaid pleadings on the grounds that a special appearance could be used only for the purpose of objecting to jurisdiction of the court over the person, and that orders entered by the domestic relations division of the circuit court did not deprive the chancery division of jurisdiction of the mortgage foreclosure proceeding. The trial court granted Bell's motion to strike.

Mary filed an answer again setting forth the pendency of the appeal in No. 80—3131 and protesting that Albert had not been making appropriate payments. Mary also filed a counterclaim seeking damages from Albert and Bell and an accounting from Albert, who, she maintained, had a good job and substantial income. The counterclaim was stricken and Mary's motion for a change of venue from Judge

Green was denied.

Bell filed a motion for summary judgment, contending that the mortgage had been in default since September 1980 and that the total amount owing was $14,030.76, including unpaid principal and interest and advances made by Bell for real estate taxes and insurance. On September 30, 1981, a judgment of foreclosure and sale was entered. Mary unsuccessfully moved to vacate this judgment.

On December 23, 1981, the sheriff's report of sale and distribution showing a balance of $10,178.81 was filed. Mary claimed she had spent over $12,000 on the property since July 2, 1976, and was entitled to the entire proceeds of the sale. She claimed Albert was liable for half of these expenses and attached several dozen receipts in support of her contention. The trial court, however, entered an order confirming the sheriff's report of sale and distribution. On December 31, 1981, the court denied Mary's "tender of proof" and denied her a hearing on her "written tender of proof." On January 20, 1982, Bell moved to modify the order so it could be reimbursed $505.72 for real estate tax Bell had paid. This motion was granted on January 20, 1982.

On March 9, 1982, Mary filed a notice of her motion for an order to turn over the surplus held by the sheriff. On March 11, 1982, the cause was set down for an evidentiary hearing on March 20, 1982. On that date the court denied Mary's motion for a "turnover order" and ordered the clerk of the circuit court to pay the proceeds in separate checks equally to Mary and Albert.

Mary has prosecuted appeals (1) from an order entered March 29, 1982, denying her motion for a "turnover order" and directing the clerk of the circuit court to pay the proceeds of the sale of the premises equally, $4,836.54 to Albert and $4,836.55 to her (No. 82—1019), and (2) from an order entered November 30, 1981, denying her motion to vacate earlier orders, denying her motion for change of venue and to dismiss the complaint, striking her counterclaim, and granting summary judgment of foreclosure and ordering sale of the premises (No. 81—3175). We have granted Mary's motion to appeal as a poor person and have consolidated both appeals. That Bell and Albert have not filed briefs does not affect our disposition of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ ■ With regard to Mary's first contention, we find that she has waived any jurisdictional defect by her subsequent general appearance. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77.) Moreover, Mary's claim of conflict in jurisdiction is without merit. As

pointed out above, orders were entered in the separate maintenance action directing Mary and Albert to put the marital home up for sale (April 1, 1980), and Mary's right to exclusive possession was terminated by court order (May 5, 1980). Our affirmance of these orders in the prior appeal disposes of Mary's frequently reiterated claims that the foreclosure action could proceed only in violation of the rights granted to her in the separate maintenance action. The record also reveals that Bell's motion for summary judgment, to which Mary filed no truly responsive pleading, was granted properly.

■ Mary next contends she was denied due process because the proceedings did not recognize her homestead rights in the property. Citing *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788, Mary contends that she alone, and not Albert, was entitled to the homestead estate. It is true that, under certain circumstances, a husband or wife may lose homestead rights by deserting the other spouse. (Ill. Rev. Stat. 1981, ch. 40, pars. 1011, 1016; ch. 52, pars. 2, 5.) However, in this case the order of May 5, 1980, the correctness of which is not properly before us on this appeal, terminated Mary's rights to exclusive possession of the marital home and thus extinguished her homestead estate.

In *Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453, cited by Mary, the court stated that the purpose of a mortgage foreclosure is to enforce the payment of the mortgagor's debt; the purpose of the redemption statute is to give the debtor time and opportunity to avoid the loss of his property and to give his other creditors an opportunity to collect their debts from any surplus over the mortgage debt. In this case, the record does not demonstrate the existence of any *bona fide* defense to the mortgagee's right to payment. Although Mary now asserts that summary judgment was improper, she does not articulate any issue of fact that would constitute a defense in this proceeding.

In her fourth argument Mary claims that she had a vested interest in possession of her property by virtue of the order entered on October 5, 1977, in the separate maintenance proceedings and that the foreclosure proceedings denied her the equal protection of the laws under the fourteenth amendment of the Federal Constitution. The modification of the October 5, 1977, order, which is the basis for this claim, is not before us on this appeal.

■ Next, Mary contends the trial court arbitrarily denied her a hearing on her claims under the Joint Tenancy and Domestic Relations Acts. Mary contends that one joint tenant who bears the financial burden of taxes, repairs and heating is entitled to reimbursement from the other joint tenant. (*Kratzer v. Kratzer* (1971), 130 Ill. App.

2d 762, 266 N.E.2d 419.) Assuming, *arguendo*, that Albert, as a result, owed her $12,000, which would have been enough to cover the mortgage payments, Mary's rights against Albert did not constitute a defense to the foreclosure proceedings.

■ Mary next contends that she repeatedly was denied hearings on her motions, petitions, counterclaims and answers. However, Mary makes this complaint in general, rather than pointing out particular occasions when she was denied a hearing. A reviewing court is not required to search the record to reverse, since it is the responsibility of the appellant to point out where the trial court has erred. Several of the major orders entered in the case recited that the court was fully advised in the premises, and Mary has not filed a report of proceedings.[1] As Mary points out, the record does not explicitly reflect that the court granted Mary a factual hearing on her claims against Albert. But the rules of appellate procedure also apply to a *pro se* litigant like Mary, who is required to present a cohesive legal argument. (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 433 N.E.2d 1044.) An order entered September 30, 1981, for example, which recites that the court was "fully advised in the premises," struck Mary's counterclaim seeking an accounting from Albert. Under these circumstances we are required to presume the court heard sufficient information to justify the order. *Cf. Doran v. Doran* (1972), 7 Ill. App. 3d 614, 287 N.E.2d 731.

■ Mary next contends the court erred in denying her petition for change of venue. However, Mary's petition for change of venue was not filed until after the trial court had entered several substantive orders in the case. Once the trial judge has ruled on any substantial issue in the case, the right to a change of venue is not absolute, but requires specific allegations to support the charge of prejudice and may be granted in the sound discretion of the court. (*Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 387 N.E.2d 943.) Since the petition for change of venue was not timely, it was properly denied.

Mary's final argument is that the court allowed a fraud upon her marital rights, an argument directed at the alleged unsavory character of the purchasers of the property at the sale. Mary also complains of the arbitrary cancellation by Bell of the insurance, of the "rush to judgment," and of Bell's failure to obtain payments from Albert. We

---

[1]On July 1, 1982, the trial court entered an order approving reports of proceedings for December 23, 1981, and December 31, 1981, as correct, but denied Mary's motions to certify as correct bystander reports of proceedings for September 30, 1981, and March 29, 1982.

have examined these arguments and find no reason for reversing the judgment. Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and JOHNSON, J., concur.