BETTY PRATHER, Indiv. and as Conservator of the Estate and Person of Clarence Prather, an Incompetent Person, Plaintiff-Appellant, *v.* DECATUR MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

Fourth District    No. 16591

Opinion filed April 30, 1981.—Rehearing denied June 2, 1981.

Denis McGrady, Jr., of McGrady & McGrady, of Gillespie, and Brian L. McPheters, of Hatch, Blockman & McPheters, of Champaign, for appellant.

Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellee Joseph P. Velek.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for other appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

Malpractice.

Summary judgment for the doctor.

We affirm.

Mrs. Prather sued the three named defendants for medical malpractice that resulted in injuries to her husband. Dr. Velek—one of the defendants—moved for summary judgment. The motion was granted and plaintiff appeals pursuant to Supreme Court Rule 304(a) (73 Ill. 2d R.304(a)).

This action commenced long ago with the filing of a complaint on October 1, 1976. The complaint was dismissed on motion because an excessive *ad damnum* was pleaded (see Ill. Rev. Stat. 1979, ch. 110, par. 39). This court reversed and our mandate issued on October 3, 1977. Plaintiff's amended complaint was filed February 26, 1979. After answering, Dr. Velek filed a motion to compel disclosure of expert witnesses on May 30, 1979, and a notice of hearing on June 4, 1979. The motion was heard as scheduled on July 13, 1979. Plaintiff did not appear, but defense counsel represented that counsel for plaintiff had no objections to the motion. The trial judge ordered disclosure by October 1, 1979, of:

> "All experts and witnesses on behalf of Plaintiffs in the trial of this cause and any persons whose names and current addresses are not so disclosed are hereby barred from testifying on trial herein on behalf of Plaintiffs."

Before the order was entered, plaintiff had furnished on June 25, 1979, the names of two doctors, Trangoth and Howell, as experts.

The cause was set for trial, but then continued on plaintiff's motion. On June 9, 1980, defendant moved for summary judgment and attached to the motion Velek's sworn statement. On June 18, 1980, the case was allotted for jury trial to commence August 18. On June 20, 1980, plaintiff filed an objection to the summary judgment motion and a motion for relief from the July 17, 1979, "disclosure of experts" order. The motion for relief claimed that plaintiff needed more time to develop her case, had obtained the services of an expert, had received information from the expert, and defendant would not be prejudiced by the granting of relief. On June 20, 1980, plaintiff also filed a motion for leave to file a second amended complaint, with the proposed amended complaint attached. The amendment contained one additional allegation of negligence against Dr. Velek.

Also on June 20, 1980, plaintiff filed a "certificate of compliance" stating that a four-page medical report by Paul B. Myers, M.D., dated May 27, 1980, had been sent to all counsel of record. On June 24,

defendant moved to strike the certificate and the report, and objected to plaintiff's motion for relief. The trial judge denied plaintiff's motion for relief and stated that the disclosure order had stood for almost a year, that it was properly entered and that plaintiff had given no good reason for relief. The trial judge vacated the August jury trial setting at plaintiff's request and took under advisement the motion for leave to file a second amended complaint.

Plaintiff filed a motion to reconsider the denial of her motion for relief on July 2, 1980. Counsel's affidavit was attached to the motion. In it, counsel claimed that: plaintiff was not in wilful or vexatious violation of a court order; plaintiff had sought the aid of the American Association of Medico Legal Consultants in procuring expert witnesses; plaintiff had mistaken one expert as willing to testify when in fact the witness was only willing to evaluate the case, and had immediately sought another expert who would testify; a doctor who would testify was found, a report was received, and it was immediately forwarded to counsel and court. Defendant objected to the motion for reconsideration. On July 23, 1980, after hearing, the trial judge granted Dr. Velek's motion for summary judgment and entered a written order on July 31, 1980.

On August 8, 1980, plaintiff filed an affidavit as an "offer of proof." The affidavit was by Dr. Paul B. Myers. However, we take this offer of proof as applicable to only the remaining two defendants in the case because plaintiff did not ask for any relief from the written order entered July 31, 1980. Indeed, since plaintiff's notice of appeal was dated August 27, and her amended notice of appeal was dated September 8, these notices of appeal would be void as premature if it had been argued that reconsideration was sought because the trial court's first order after July 31 is dated September 9, 1980.

■■■ Having stated the pertinent portions of the quite involved procedural history of the case, we now turn to the summary judgment issue. The rule is quite familiar. Summary judgment should be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The court must consider the pleadings, exhibits, and affidavits and construe them strictly against the moving party and liberally in favor of the opponent. The right of the moving party must be free of doubt. (*Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 366 N.E.2d 144.) Where facts contained in an affidavit in support of a motion for summary judgment are not contradicted by counteraffidavit, such facts are admitted and must be taken as true. *Heidelberger v. Jewel Companies, Inc.* (1974), 57 Ill. 2d 87, 312 N.E.2d 601.

■■ In her brief, plaintiff does not point to any material issue of fact that remains to be tried. Plaintiff's argument against summary judgment is

this. The trial judge gave no reasons for his decision, but apparently the judgment is based upon defendant's statement. This statement was taken by defendant's attorney alone and without notice, and there was no opportunity extended for cross-examination. Plaintiff's argument is that summary judgment under such suspect circumstances is erroneous. Plaintiff cites *Mendelson v. Feingold* (1979), 69 Ill. App. 3d 227, 387 N.E.2d 363, as support for the argument. However, in that case the plaintiffs were never permitted to depose either the defendant or two treating physicians although they had attempted to do so. The effect of a series of orders entered by the trial court was to require those plaintiffs to obtain a medical expert before plaintiffs would be allowed to proceed with their own discovery. In our case, plaintiff points to no comparable orders entered by the trial judge. In a case cited by our defendant—*Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147—summary judgment was granted in favor of a doctor and the doctor's deposition was utilized. The deposition contained affirmative statements that there was no negligence in the doctor's procedure in the case. The court stated that it was quite proper that an order of summary judgment was supported only by such an affidavit. We agree. In both this case and in *Hill*, the plaintiffs were given ample time in which to conduct discovery. In each case, the defendant-doctors filed affidavits that effectively countered the material allegations of fact in the complaints. In *Hill*, no counteraffidavits or other materials were filed to place a material question of fact in issue. Here, no such materials were filed in apt time. There was nothing wrong in *Hill* with basing summary judgment on the uncontradicted affidavit of the defendant-doctor, and there is nothing wrong in our case with that procedure either.

Plaintiff points to no material issue of fact that remains to be decided. Dr. Velek's statement disclaims negligence, and does so in detail. There were no counteraffidavits filed by plaintiff. Plaintiff argues that the summary judgment was too hurried because the motion was filed on June 9, 1980, and the final order was entered on July 31, 1980. However, this overlooks the fact that the case had pended for almost four years. Plaintiff also indirectly argues that the offer of proof filed on August 8, 1980, was improperly rejected by the trial court. However, as we have pointed out, plaintiff filed no motion for reconsideration of the summary judgment order in connection with her offer of proof, and asked only that an amended complaint be filed. Moreover, a trial court need not reverse its order for summary judgment because of affidavits that are filed later, and a reviewing court will not reverse unless it finds an abuse of discretion. *Tezak v. Cooper* (1960), 24 Ill. App. 2d 356, 164 N.E.2d 493.

■█ Plaintiff seeks also to contest the order of July 17, 1979, that allowed defendant's motion for disclosure of expert witnesses. This motion was

474

filed pursuant to section 58(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 58(3)), which became effective September 19, 1976, and is thus applicable to this action which was commenced October 1, 1976. We find no abuse of discretion by the trial judge in his refusal to set aside this order where, as the judge said, the order had stood for about one year and plaintiff made an inadequate offer of new evidentiary material. See *Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, 355 N.E.2d 214.

For the foregoing reasons, the summary judgment in favor of defendant Dr. Velek is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.