(No. 57543.—

SHUBRICK T. KOTHE, Ex'r, Appellant, v. MARY ANN JEFFERSON *et al.*, Appellees.

*Opinion filed October 4, 1983.*

William F. Meehling, of Meehling, Rich & Bernardoni, of Marshall, for appellant.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellee John H. Ryan.

Ward E. Dillavou, of Dillavou, Overaker & Smith, of Paris, for appellees Mary Anna Jefferson *et al.*

JUSTICE MORAN delivered the opinion of the court:

The plaintiff, Vera Shaw, filed suit in the circuit court of Clark County against numerous individuals seeking to cancel portions of an oil and gas lease due to an alleged breach of the implied covenant to reasonably develop the property. She sought cancellation of the lease as it applied to 318.5 acres of the 438.5-acre leasehold which she owned. A number of the original defendants defaulted and, pursuant to plaintiff's motion, the circuit court cancelled the lease as to those individuals. Plaintiff also moved for, and was granted, summary judgment against the remaining defendants, Mary Jefferson and her heirs and John Ryan (defendants), with respect to 120 acres (hereinafter referred to as the subject tract), of the 318.5 acres, in which they claimed an interest. A divided appellate court reversed, holding that the implied covenant

to develop is indivisible and therefore development of some tracts of the leasehold property served as compliance with the covenant on all other tracts. (109 Ill. App. 3d 247.) We granted plaintiff leave to appeal.

Three issues are raised for review: (1) Did defendants waive the right to challenge the sufficiency of the complaint? (2) Do defendants have standing to contest plaintiff's motion for a summary judgment? (3) Should the implied covenant to develop be construed as indivisible or divisible?

On February 19, 1959, Shaw leased 11 parcels of real estate, consisting of 438.5 acres, to John Jefferson for the production of oil and gas. The lease agreement provided that the lease would remain in effect for a primary term of three years, and as long thereafter as oil or gas is produced "from said leased premises" or operations for drilling are continued. In consideration for the lease, Shaw received one dollar and a 1/8 royalty interest in any gas or oil produced.

In 1964, Jefferson and his wife assigned their interest in 120 of the acres, located in the northeast quarter of section 4, township 11 north, range 14 west, Clark County (the subject tract), to J. L. Cowan. They reserved an overriding royalty interest in the property. Prior to his death in 1967, Cowan made numerous assignments of his working interest in the subject tract.

In January of 1980, plaintiff filed a complaint against all individuals who "have or may claim a record interest in" 318.5 acres of the leasehold (including the subject tract), seeking to cancel the lease as it applied to that property. Plaintiff alleged in the complaint that these individuals "have wholly failed" to develop and produce the leasehold property, and that there has been no activity directed toward production during the preceding 10 years. The remaining 120 acres of the leasehold (40 of which are located in section 4), upon which oil and gas

were being produced, were not affected by the complaint.

On March 20, 1980, the heirs of John Jefferson, now deceased, purportedly assigned a working interest in the subject tract to John Ryan, and reserved an overriding royalty interest in the property. The Jefferson heirs claimed that the working interest in the property reverted to them when Cowan ceased to develop the subject tract. Pursuant to plaintiff's motion, Ryan was subsequently joined as a defendant.

With the exception of the Jefferson heirs and Ryan, none of the individuals named in the complaint appeared or filed an answer. Default judgments were entered against them, including the Cowan heirs and assigns. Shubrick T. Kothe (who, as executor of Vera Shaw's estate, was substituted as plaintiff following Shaw's death in February of 1980) subsequently filed a motion requesting cancellation of the lease as to all individuals who claim to have working interests in the subject tract. He also moved for summary judgment against the nondefaulting defendants. He alleged in the motion that the only individuals who owned a working interest in the subject tract (the Cowan heirs and assigns) had been defaulted. The nondefaulting defendants owned only overriding royalty interests, which cannot exist apart from the working interests.

Defendants filed objections to the motion for summary judgment, alleging that oil and gas leases are indivisible, and that plaintiff therefore cannot seek cancellation of the lease as to certain property if there is production on other tracts in the leasehold. Defendants submitted affidavits indicating there has been continuous development on portions of the leased premises. In defendants' brief opposing the motion for summary judgment, they argued that plaintiff's complaint was insufficient to state a cause of action. The trial court deter-

mined that defendants waived the right to raise this issue because they answered the complaint instead of challenging it by motion. The court therefore granted plaintiff's motion for summary judgment and cancelled the lease as to the 120 acres. In reversing, the appellate court determined that defendants adequately raised the issue of indivisibility, which, it stated, could be construed as an affirmative defense.

Plaintiff first contends, as he did in the appellate court, that defendants waived the right to challenge the sufficiency of the complaint. It is argued that section 45 of the Civil Practice Act required defendants to object to the pleadings by motion, and specify wherein the complaint is insufficient. (Ill. Rev. Stat. 1979, ch. 110, par. 45.) We agree that where a complaint allegedly fails to state a cause of action, meticulous procedure dictates that the opposing party file a motion to dismiss. Under the circumstances of this case, however, the purpose underlying section 45 was satisfied.

"The necessity for [filing a motion and] delimiting an objection to the complaint is designed to allow the plaintiff to prepare a response thereto or to amend the complaint in order to satisfy the objection." (*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 556, citing *Central Illinois Electric & Gas Co. v. Scully* (1959), 17 Ill. 2d 348, 353.) Here, plaintiff was adequately apprised of defendants' objection to the complaint prior to the trial court's judgment. As previously related, defendants opposed the motion for summary judgment on the grounds that oil and gas leases are indivisible and supported their position with affidavits. Plaintiff subsequently filed a response in which he argued that the lease was divisible, but he made no attempt to amend the complaint. Because plaintiff was afforded an opportunity to, and did, respond to defendants' theory *prior* to the court's ruling, we fail to see how he was prejudiced by defendants'

failure to file a motion to dismiss. *Cf. Swager v. Couri* (1979), 77 Ill. 2d 173 (failure to object to a complaint until *after* the verdict does not completely waive the question of whether the complaint states a cause of action).

Further, as noted by the appellate court, defendants' theory of indivisibility may be construed as an affirmative defense rather than simply an attack on plaintiff's pleadings. If the implied covenant to develop is indivisible, as defendants alleged, this would be a defense by which plaintiff's "apparent right could be defeated." (*Baylor v. Thiess* (1971), 2 Ill. App. 3d 582, 583; see *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261.) There is no requirement that such defenses must be raised by motion. See Ill. Rev. Stat. 1979, ch. 110, par. 43(4); *People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108.

We next consider whether the covenant to reasonably develop the premises, implied in oil and gas leases, should be construed as indivisible or divisible. Where the covenant is deemed indivisible, compliance therewith on one tract of the leased premises serves to perpetuate the lease as to all tracts. If the covenant is divisible, failure to reasonably develop one tract will not affect other tracts subject to the lease. (R. Hemingway, Oil and Gas sec. 9.10 (1971).) Plaintiff relies on *Baker v. Collins* (1963), 29 Ill. 2d 410, and *Elliott v. Pure Oil Co.* (1956), 10 Ill. 2d 146, for the proposition that the covenant is divisible, and that he may therefore seek partial cancellation of the lease. We find these cases distinguishable.

In *Baker*, the lessors sought cancellation of an oil and mineral lease as it applied to the undeveloped portions of the leasehold premises. It was alleged that the lessees unreasonably delayed drilling efforts for a period of 11 years, between 1950 and 1961. Subsequent to 1961, however, the lessees explored and developed the premises "without objection from, and apparently at the insis-

tence of, the [lessors]." (29 Ill. 2d 410, 414.) This court determined that it would be inequitable to permit cancellation of the lease on the basis of the 11-year drilling delay, since the lessors acquiesced in subsequent exploratory drilling.

Similarly, *Elliott* did not specifically address the issue of whether the implied covenant to develop is indivisible or divisible. In that case, the lessor sought cancellation of an oil lease on the grounds that the lessee failed to develop the property and failed to protect the tract from drainage. The trial court ruled that, unless a well was drilled within 60 days, the lease would be cancelled as it applied to 10 acres of a 20-acre tract. In affirming, this court noted that the 10 acres in question were threatened by drainage from nearby wells, a situation which the lessee was required to prevent. (See R. Hemingway, Oil and Gas sec. 9.10 (1971).) Further, the lessee did not raise indivisibility as a defense.

*Dickerson v. Ray* (1960), 20 Ill. 2d 107, cited by defendants, is more closely analogous to the instant case. In *Dickerson*, the separate owners of two tracts of land executed a mineral deed in which they conveyed to the grantee an undivided one-half interest in any oil and gas discovered on the properties. The habendum clause provided that the deed would remain in effect for a certain primary term and for as long thereafter as oil or gas was produced. Production on one of the tracts eventually ceased, and the owners claimed that the deed thereby expired as to that tract. In rejecting their contention, this court stated:

> "Arising first in decisions relating to oil-and-gas leases, it is the rule of the vast majority that where a number of land owners demise their lands in a single lease, whether contiguous or not, and provide that after a designated period the interest covered by the said instrument will continue for as long as there is production upon said land, production which is sufficient to continue the

interest as to any of the land described is sufficient to continue the interest as to all of the land described." (20 Ill. 2d 107, 113-14.)

Although, in the instant case, there are numerous lessees and only a single lessor, we agree with the appellate court that "the divisibility or indivisibility of covenants does not depend on where diversity of [interest] lies." (109 Ill. App. 3d 247, 251.) Nor is it significant that *Dickerson* involved a deed rather than a lease, since the court based its decision on the rules pertaining to oil and gas leases.

Further, while there is authority to the contrary, it is generally held that the implied covenant to develop should be construed as indivisible unless the lease expressly provides otherwise. (See R. Hemingway, Oil and Gas sec. 9.10 (1971); 3 W. Summers, Oil and Gas secs. 513, 516 (1958) (and cases cited therein); *cf.* Annot., 9 A.L.R. 4th 1121 (1981) (covenants to develop, implied in mineral deeds, are generally deemed indivisible); 38 Am. Jur. 2d 526 *Gas and Oil* sec. 51 (1968) (pursuant to the rule applied in oil and gas lease cases, the implied covenant to develop, in conveyances transferring term interests, is construed as indivisible).) Based upon our interpretation of *Dickerson*, and the above-related authorities, we hold that the implied covenant to reasonably develop the premises is indivisible. Since plaintiff's complaint sought to affect only certain tracts of the leased premises, thus treating the covenant as divisible, the appellate court did not err in holding the complaint failed to state a cause of action.

We recognize that the principle of indivisibility could operate to the disadvantage of the lessor. As long as there is reasonable development of the property, as a whole, the lease is perpetuated even as to substantial tracts of land which may remain undeveloped. However, this seemingly harsh result is one which the lessor could easily avoid. The principle of indivisibility only applies where the parties to the lease agreement fail to manifest a contrary intent. (See 3 W. Summers, Oil and Gas sec. 516 (1958).) If the lessor

wishes to preclude assignments of interest, or otherwise seeks to treat the covenant to develop as divisible, he need only include a provision to that effect in the lease agreement.

Plaintiff further contends that defendants have no standing to question the propriety of the trial court's order. It is argued that the only individuals with a working interest in the subject tract have been defaulted, and that defendants' overriding royalty interests cannot exist apart from the working interests. However, since we have determined that the implied covenant to develop is indivisible, the lease could not be cancelled on the basis of the facts alleged in plaintiff's complaint. Further, the default of certain individuals "does not relieve the complainant from the necessity of establishing his case against those who appear and plead. One defendant cannot admit a cause of action against his co-defendants who defend against it. (*Glos v. Swanson*, 227 Ill. 179.) \*\*\* A judgment or decree against one defendant for want of a plea or answer does not prevent any other defendant from contesting, so far as respects himself, the very fact which is admitted by the other party." *Chamblin v. Chamblin* (1936), 362 Ill. 588, 593.

As previously stated, the appellate court reversed on the ground that the implied covenant to develop is indivisible. The court concluded that, since defendants showed there was continuous production on portions of the leasehold, the trial court should not have granted plaintiff's motion for summary judgment. However, the principle of indivisibility requires more than mere production; it requires that the production and development be reasonable. (See *Baker v. Collins* (1963), 29 Ill. 2d 410; R. Hemingway, Oil and Gas sec. 9.10 (1971).) The appellate court made no express findings as to whether the premises were reasonably developed. Although plaintiff failed to specifically allege that development of the leasehold was unreasonable, defendants did not address this pleading deficiency in the

trial court. Indeed, our review of the record indicates that the parties were not particularly specific in their pleadings. Consequently, we believe that plaintiff should be afforded an opportunity to prove that the premises, as a whole, were unreasonably developed. We note that counsel for defendants, during oral argument, conceded that a remand might be appropriate under the circumstances of this case.

For the above-stated reasons, the judgment of the appellate court reversing the entry of summary judgment is affirmed, and the cause is remanded to the circuit court of Clark County for further proceedings consistent with this opinion.

*Affirmed and remanded.*