JANE S. HEMAN, Plaintiff-Appellee, v. MARY ANNA JEFFERSON, a/k/a Mary Ann Jefferson, *et al.*, Defendants-Appellants.

Fourth District   No. 4—84—0862

Opinion filed July 3, 1985.—Rehearing denied October 18, 1985.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellant John H. Ryan.

Ward E. Dillavou, of Dillavou, Overaker & Smith, of Paris, for other appellants.

William F. Meehling, of Meehling, Rich & Bernardoni, of Marshall, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

■■ This is the second time this cause appears in the appellate court. Plaintiff seeks cancellation of an oil and gas lease. We reverse and remand, finding that plaintiff was not entitled to summary judgment. A default judgment entered against one set of defendants may not be used as an admission of a disputed evidentiary matter by the nondefaulting defendants. Plaintiff's summary judgment motion in effect used the defaulted defendants' admission of a failure to reasonably produce the disputed property as the basis of cancelling the nondefaulting defendants' interests in the property.

A detailed summary of the history of the cause of action is necessary to an understanding of our disposition. In 1959, Vera Shaw leased 11 parcels of land, 438.5 acres, to John Jefferson for the production of oil and gas. The land is situated in Clark County. The primary term of the lease was for three years and as long thereafter as oil, gas, or casing head gas is produced or wells drilled on the property. Shaw reserved a one-eighth royalty interest.

On May 4, 1964, John Jefferson and his wife Mary Ann(a) Jefferson assigned their interest in the northeast quarter of section 4, township 11 north, range 14 west, Clark County to J.L. Cowan. The Jeffersons reserved an overriding royalty interest. On August 24, 1967, a corrected assignment was filed. The corrections dealt with the overriding royalty interest.

J.L. Cowan made 21 assignments equaling at least $^{67}/_{64}$th fractional working interests in the northeast quarter of the northeast

quarter of section 4, township 11 north, range 14 west, Clark County. The fractional working interests of two of the assignees were not listed. Cowan made 22 assignments totaling $^{50}/_{64}$th fractional working interests in the south half of the northeast quarter of section 4, township 11 north, range 14 west, Clark County. None of the named assignees have interests in any other portion of the leasehold.

In 1980, Shaw filed a complaint seeking to cancel the lease as it pertained to a portion of the leasehold, 318.5 acres. Shaw alleged the named defendants, all of those who had or claimed an interest in the 318.5 acres, breached an implied covenant to develop the property. Shaw died. The court substituted Shubrick Kothe, executor of her estate, as plaintiff.

Plaintiff added John Ryan as a defendant. Ryan claimed a working interest in the leasehold through an assignment dated March 1980 from Jefferson's widow and his heirs.

Defendants claiming working interests through J.L. Cowan (Cowan heirs and assignees) defaulted. Subsequently, plaintiff moved for summary judgment as to the northeast quarter of the northeast quarter of section 4, and the south half of the northeast quarter of section 4, township 11 north, range 14 west, Clark County. The complaint did not seek cancellation of the lease as it pertained to the northwest quarter of the northeast quarter of section 4, township 11 north, range 14 west, Clark County.

Plaintiff moved for summary judgment on the section 4 land in question as to Jefferson's widow and his heirs (Jefferson heirs) and John Ryan. The trial court granted the motion. The Jefferson heirs, and Ryan appealed.

This court reversed, finding the complaint did not state a cause of action because the implied warranty to reasonably develop the leasehold was indivisible. (*Kothe v. Jefferson* (1982), 109 Ill. App. 3d 247, 440 N.E.2d 415.) The supreme court affirmed. However, it remanded to allow plaintiff an opportunity to file an amended complaint alleging defendants failed to reasonably develop the entire 438.5 acres. *Kothe v. Jefferson* (1983), 97 Ill. 2d 544, 455 N.E.2d 73.

After remand, the trial court substituted Jane Heman, Shaw's devisee, as plaintiff. Ryan petitioned for a change of venue on November 16, 1983. The trial court denied the motion as untimely.

On December 2, 1983, plaintiff filed an amended complaint seeking cancellation of the lease, except for two parcels which were in production. Plaintiff alleged defendants breached an implied covenant to reasonably develop and produce the 438.5 acres. Plaintiff also alleged defendants breached an implied covenant to prevent drainage.

Plaintiff named all those who "have or may claim a record interest" in the 438.5 acres as defendants. Therefore, the amended complaint named Mary Ann(a) Jefferson, individually and as executor of John Jefferson's estate; Pamela Baker Jefferson Powell, widow of Mary Ann(a) and John's son William; and Stuart and Elliott Jefferson Powell, sons of William Jefferson (Jefferson heirs). The amended complaint also named all the heirs and assignees of the Jeffersons' assignee J.L. Cowan (Cowan heirs and assignees). Plaintiff named John Ryan as defendant. Ryan again claimed an interest based upon an assignment from the Jefferson heirs.

The Cowan heirs and assignees again defaulted as to the northeast quarter of the northeast quarter and the south half of the northeast quarter of section 4, township 11 north, range 14 west, Clark County (summary judgment land). Subsequently, plaintiff filed count III. In count III plaintiff sought to quiet her title as to the summary judgment land. She named the Jefferson heirs and Ryan as defendants. In count III plaintiff alleged that she owned the summary judgment land. Plaintiff also alleged that the Jefferson heirs and Ryan (hereinafter defendants) unlawfully claimed interests in the parcel as devisees or heirs of Jefferson through: (a) the August 24, 1976, assignment to Cowan, (b) a purported assignment dated March 20, 1980, from the Jefferson heirs to Ryan, and (c) a claim not based on the record.

Plaintiff argued that the defendants' interests were invalid because: (a) The overriding royalty interest preserved in the 1967 Jefferson-Cowan assignment terminated on cancellation of the lease as to all record working interest holders; (b) the working interest reserved in the Shaw-Jefferson lease at the time of the 1980 assignment to Ryan was owned of record by the Cowan heirs and assignees, whose interests had been cancelled by the default judgment entered on counts I and II of the amended complaint; and (c) the Jefferson heirs did not have any working interest to assign to Ryan on March 20, 1980. Plaintiff asked the court to declare the defendants' interests void and to quiet her title in the summary judgment land.

On May 14, 1984, defendants moved to strike count III for failing to state a cause of action. The motion alleged plaintiff's recovery was based upon the Cowan heirs and assignees' default being used as an admission by defendants of a failure to reasonably produce the summary judgment land. The trial court denied the motion.

Defendants answered count III. They denied that they unlawfully claimed an interest in the summary judgment land, admitted the Jefferson-Cowan assignment and the Jefferson heirs-Ryan assignment,

and denied that their claim was based on nothing of record.

Defendants responded to plaintiff's first request for admission of facts. They admitted the Shaw-Jefferson lease, and that Jefferson and his wife had assigned their interest in the northeast quarter of section 4, township 11 north, range 14 west, to J.L. Cowan. Defendants also admitted the assignments made by Cowan and that none of Cowan's heirs or assignees had interests in any other portion of the leasehold. Defendants further admitted that none of them now have or claim a working interest in the summary judgment land except Ryan. The Jefferson heirs do not claim an interest except one from the Shaw-Jefferson lease. Ryan's interest is limited to the Jefferson heirs-Ryan assignment.

Defendants did not respond to plaintiff's second request for admission of facts. Therefore, the facts contained in the request are admitted. (87 Ill. 2d R. 216(c).) The Jefferson heirs admitted that they claimed no interest in the summary judgment land except through John Jefferson and William Jefferson. Neither Cowan nor his heirs or assignees ever reassigned any interest in the summary judgment land to John Jefferson.

Plaintiff, armed with the default judgment and the admission of facts, moved for summary judgment on count III. By definition, an overriding royalty interest has no existence apart from a working interest. (*Gordon v. Empire Gas & Fuel Co.* (5th Cir. 1933), 63 F.2d 487; Black's Law Dictionary 995 (5th ed. 1979).) In her motion for summary judgment, plaintiff argued that Jefferson had assigned his working interest to Cowan, who in turn assigned his interest to parties other than the defendants. Since the lease had been cancelled as to all those working interest holders by the default judgment, Jefferson's overriding royalty interest terminated. Plaintiff therefore argued that she was entitled to summary judgment since an overriding royalty interest cannot exist absent a working interest in the leased tract.

Defendants filed objections to the motion. They alleged the complaint did not state a cause of action because it relied upon the Cowan heirs and assignees' default as an admission by the nondefaulting defendants. The prior appellate and supreme court opinions had specifically precluded such reliance. Defendants further alleged an oral agreement existed between Jefferson and Cowan. Under this agreement, if Cowan or his heirs and assignees did not reasonably develop the summary judgment land, the lease would revert to Jefferson and his heirs.

The trial court granted plaintiff's motion for summary judgment.

Defendants argue that the trial court committed reversible error when it denied Ryan's petition for a change of venue and that the trial court erred in entering summary judgment for plaintiff.

Ryan filed a petition for change of venue immediately after remand and before plaintiff filed her amended complaint. The trial court denied the petition as untimely. The defendants initially argue the petition was timely because the trial court's rulings on the complaint were not substantive evidentiary rulings. Defendants maintain a change of venue should be granted until the court has ruled on an evidentiary matter. Next defendants argue the remand vitiated the prior proceedings. Therefore, Ryan's petition was timely.

Plaintiff responds that the court had made substantive rulings indicating its position. No support exists for defendants' argument that only substantive evidentiary rulings indicate a court's position. The remand did not vitiate the prior proceedings for venue purposes.

Section 2—1001 of the Code of Civil Procedure states in part:

"Change of venue.·(a) A change of venue in any civil action may be had in the following situations:

\*\*\*

(2) Where any party or his or her attorney fears that he and she will not receive a fair trial in the court in which the action is pending, because the inhabitants of the county are or the judge is prejudiced against him \*\*\*.

\*\*\*

(c) Every application for a change of venue by a party or his or her attorney shall be by petition, setting forth the cause of · the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." Ill. Rev. Stat. 1983, ch. 110, par. 2—1001.

A party has an absolute right to a change of venue based upon the trial court's alleged prejudice, if the requirements of the statute are met. (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 285 N.E.2d 156.) Venue provisions should be construed liberally to promote rather than defeat the right to a change of venue. *People v. Chambers* (1956), 9 Ill. 2d 83, 136 N.E.2d 812; *Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 285 N.E.2d 156.

The petition must be brought at the earliest practical moment. A petition based upon a general allegation of prejudice is untimely if brought after a hearing on the merits has started or the trial court

has ruled on a substantive issue in the cause. (*Dethloff v. Zeigler Coal Co.* (1980), 82 Ill. 2d 393, 412 N.E.2d 526; *Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 230 N.E.2d 465.) The timeliness requirement prevents a party from determining the trial court's attitude toward issues in the case, then switching judges. (*Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046, 433 N.E.2d 1024.) Any order entered subsequent to an improper denial of a change of venue is void. *Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046, 433 N.E.2d 1024.

■ Initially, defendants, relying upon an analysis of *Chambers* and the cases cited within it, argue that the phrase "substantive issue" refers only to substantive evidentiary issues, not legal issues. They contend the rulings concerning the complaint were all legal matters from which they could not determine the trial court's attitude toward the case. We do not agree. In *Chambers* and the cases cited within it, the trial courts denied venue changes based upon both issues of law and evidentiary questions. The appellate courts affirmed. (See *Commissioners of Drainage District No. 1 v. Goembel* (1943), 383 Ill. 323, 50 N.E.2d 444; *In re Wheeling Drainage District No. 1* (1935), 282 Ill. App. 565.) The statute and the cases indicate that the critical factor is whether the court has ruled on a substantive issue. A party can determine a court's attitude from a substantive ruling not involving an evidentiary determination. *In re Estate of Roselli* (1979), 70 Ill. App. 3d 116, 388 N.E.2d 87; *Lebevitz v. Cahill* (1979), 69 Ill. App. 3d 614, 387 N.E.2d 943; *Keehner v. A.E. Staley Manufacturing Co.* (1977), 50 Ill. App. 3d 258, 365 N.E.2d 275.

■ In the instant case, the trial court had ruled on plaintiff's motion for summary judgment, on objections to requests to admit facts, and on motions to strike portions of affidavits. These rulings necessarily concerned substantive issues in the case. (*Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 387 N.E.2d 943; *Keehner v. A.E. Staley Manufacturing Co.* (1977), 50 Ill. App. 3d 258, 365 N.E.2d 275.) The petition was not timely.

■ Defendants next argue that the reversal and remand vitiated the prior proceedings; therefore, Ryan's motion was timely. (*United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 441 N.E.2d 1163.) We disagree. Here, the supreme court remanded for the specific purpose of allowing plaintiff an opportunity to amend her complaint. The cause of action continued for this purpose. The various rulings in connection with the complaint were substantive rulings for purposes of the venue statute. (*Milburn Mutual Insurance Co. v. Glaze* (1980), 86 Ill. App. 3d 1055, 1063, 410 N.E.2d 295, 301; *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 205 N.E.2d

484.) In the two years prior to the remand during which the complaint was before the trial court, the trial court had made numerous rulings on substantive matters. Defendants had ample opportunity to ascertain the court's attitude toward the issues involved in the cause. The trial court properly denied Ryan's petition for change of venue as untimely.

■ Defendants next argue that plaintiff was not entitled to summary judgment on count III. We agree. Summary judgment is proper when the pleadings, affidavits, depositions, or admissions on file show no genuine issue of material fact exists and the movement is entitled to judgment as a matter of law. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) The record should be interpreted strictly against the movant and in favor of the opponent. (*Prather v. Decatur Memorial Hospital* (1981), 95 Ill. App. 3d 470, 420 N.E.2d 810.) Plaintiff's summary judgment motion was based upon the cancellation of the Cowan heirs and assignees' working interests which occurred as a result of their default. Plaintiff also based her motion upon admissions by the defendants concerning the course of their interests. By defaulting, the Cowan heirs and assignees admitted that they failed to reasonably produce summary judgment land. However, the record does not contain any other admission, deposition, or affidavit tending to establish a failure to reasonably produce the leasehold.

A default by one party does not effect an admission of an issue or fact by a nondefaulting party. (*Kothe v. Jefferson* (1983), 97 Ill. 2d 544, 455 N.E.2d 73; *Chamblin v. Chamblin* (1936), 362 Ill. 588, 1 N.E.2d 73; *Glos v. Swanson* (1907), 227 Ill. 179, 81 N.E. 386.) In *Kothe* the court stated:

> "Further, the default of certain individuals 'does not relieve the complainant from the necessity of establishing his case against those who appear and plead. One defendant cannot admit a cause of action against his co-defendants who defend against it. [Citation.] *** A judgment or decree against one defendant for want of a plea or answer does not prevent any other defendant from contesting, so far as respects himself, the very fact which is admitted by the other party.' *Chamblin v. Chamblin* (1936), 362 Ill. 588, 593." 97 Ill. 2d 544, 554, 455 N.E.2d 73, 77.

■ An overriding royalty interest cannot exist apart from the working interest. (*Gordon v. Empire Gas & Fuel Co.* (5th Cir. 1933), 63 F.2d 487.) Once the lease is cancelled as to the working interest holders for breach of the warranty to reasonably develop and produce, the overriding royalty interest would be ended. However, in this case

the cancellation of the lease occurred as the result of a default judgment taken against the Cowan heirs and assignees. In effect, plaintiff used this default as an admission by the nondefaulting defendants of a failure to reasonably develop and produce the summary judgment land. The default of the working interest holders may not be used to establish a forfeiture of the defendants' interests.

Plaintiff had the burden of establishing that she was entitled to cancellation of the lease as to all interest holders. (*Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 173 N.E.2d 209, *rev'd on other grounds* (1962), 24 Ill. 2d 390, 182 N.E.2d 206.) In the present context of the summary judgment motion, it was incumbent upon plaintiff to present by affidavit, admission, or uncontested pleadings an evidentiary basis for the finding that the lease had been canceled because of a breach of the implied covenant to reasonably develop and produce the leasehold. This would provide a basis for the summary judgment on count III other than the effect of the default of the Cowan heirs and assignees. At that point, the defendants would have the burden of setting up a disputed issue of fact. *Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233.

Plaintiff must recover on the strength of her own title, not the weaknesses of defendants' claim. However, plaintiff's title need not be perfect. *Reynolds v. Burns* (1960), 20 Ill. 2d 179, 170 N.E.2d 122.

For the above reasons we find plaintiff was not entitled to summary judgment. Therefore, the trial court's decision granting summary judgment is reversed, and the cause remanded for proceedings consistent with this disposition.

Reversed and remanded.

GREEN, P.J., and WEBBER, J., concur.