LELAND J. EBERLE, Plaintiff-Appellant, v. FRANK T. BRENNER *et al.*, Defendants (Henry G. Garrolts & Sons, Defendant-Appellee).

Fourth District   No. 4—86—0434

Opinion filed February 10, 1987.—Rehearing denied April 13, 1987.

Wayne R. Golomb, of Springfield, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Gary L. Cline, and Glenn C. Ronaldson, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The plaintiff, Leland J. Eberle, appeals from an order of the circuit court of Adams County granting the defendant, Henry T. Garrolts & Sons, a setoff against the jury verdict awarded against it in favor of the plaintiff. The plaintiff claims the amount paid to him in settlement by another defendant may not be credited against the judgment entered against this defendant as the two defendants were not joint tortfeasors and the liability of the settling tortfeasor was never established.

Many of the facts giving rise to this appeal are set forth in greater detail in the plaintiff's first appeal, *Eberle v. Brenner* (1985), 131 Ill. App. 3d 394, 475 N.E.2d 639. Plaintiff was injured while cleaning high-pressure spray-painting equipment manufactured by Binks Manufacturing Company (Binks) and leased by defendant (Garrolts). Plaintiff sustained a high-pressure injection injury to his left index finger. He was immediately transported to the emergency room of Blessing Hospital in Quincy where he was treated by Dr. David Drennan. Later, Dr. Frank Brenner operated on the plaintiff's finger. The condition of the finger worsened, necessitating its amputation by Dr. Lewis Kinkead.

On February 23, 1982, the plaintiff filed a multicount complaint against Binks and Garrolts premised upon products liability and negligence. The plaintiff also alleged in his complaint malpractice claims against Frank T. Brenner, M.D., David B. Drennan, M.D., and Blessing Hospital. All defendants filed pretrial motions. Prior to the resolution of those motions, defendant Blessing Hospital settled with the plaintiff and paid him $18,000. The trial court then granted summary judgment to all remaining defendants, and the plaintiff initiated his first appeal. The appeal resulted in an affirmance of summary judgment in favor of both doctors and a reversal of summary judgment entered in favor of Binks and Garrolts. The cause was remanded to the trial court for further proceedings against Binks and Garrolts.

A jury trial against the two remaining defendants began on March 31, 1986, and resulted in a verdict for the plaintiff against Garrolts on the negligence counts only and in favor of Binks on both the negligence count and the products liability count. The jury assessed damages in the amount of $56,000 but reduced the award by 50% because of the plaintiff's own contributory negligence. After judgment was entered on the verdicts, Garrolts tendered the plaintiff $10,000 in full satisfaction of the judgment, claiming an $18,000 setoff in view of the settlement reached between Blessing Hospital and the plaintiff prior to judgment. The plaintiff filed a motion entitled "Motion to disallow claim of contribution," and on June 16, 1986, the trial court entered an order denying the plaintiff's motion and granting the defendant an $18,000 setoff. The plaintiff filed a timely notice of appeal asking the circuit court order allowing contribution be reversed.

The plaintiff contends this situation is governed by "An Act in relation to contribution among joint tortfeasors" (Act) (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305) and that the Act imposes a

burden of proof upon a defendant claiming a right of contribution to make a showing that the party from whom it claims contribution is a joint tortfeasor and is liable to the plaintiff. Plaintiff maintains not only did the defendant not show that the hospital from whom it sought contribution was liable to the plaintiff but that the defendant could not show such liability on the part of the hospital given the facts of this case.

The only testimony at trial touching on the liability of any medical-care provider was given during the cross-examination of Dr. Edward Budil, who testified as an expert for the plaintiff. Dr. Budil testified he did not think he could tell at the time he saw plaintiff's finger whether or not the medical care given to the plaintiff contributed to the extent of the gangrenous changes and subsequent loss of the plaintiff's finger. Dr. Budil testified the damage may have already been done within a few minutes after the injury and, in that case, no type of surgery would have salvaged his finger. On further questioning, Dr. Budil stated there was "always a chance" that the medical care could have contributed to the loss of the plaintiff's finger. Plaintiff maintains this testimony as well as the fact that it had previously been established through summary judgment proceedings that the plaintiff did not have a cause of action against any of his medical-care providers clearly showed Blessing Hospital was not a tortfeasor. A careful reading of our opinion in *Eberle v. Brenner* (1985), 131 Ill. App. 3d 394, 475 N.E.2d 639, however, shows only that the summary judgment precluded liability on the part of the doctors and not the hospital.

It is not as clear as the plaintiff contends that the Act requires a determination of a settling codefendant's liability to the original plaintiff before allowing a setoff of his settlement as contribution to another defendant. (See *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 495 N.E.2d 630.) In this case we are not dealing with a case of contribution governed by the Act, but with a setoff despite the wording used in the motion and order below.

■ The theory of recovery in a negligence action is focused upon compensation to the plaintiff for his injuries and not punishment to the defendant. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 363, 392 N.E.2d 1, 5.) An injured person is entitled to one full compensation for his injuries, and a double recovery for the same injury is against public policy. (*Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 412 N.E.2d 518.) Thus, a plaintiff who has recovered for his damages should have no basis to complain because a defendant benefited from a setoff.

■ The original negligence on the part of the defendant is viewed as the proximate cause of all damages flowing therefrom, including any subsequent malpractice of a medical-care provider such as Blessing Hospital. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40.) Because of the liability of an original tortfeasor, such as Garrolts, for any subsequent aggravation of plaintiff's injury by a medical-care provider, the original tortfeasor has a cause of action against the medical entity for that portion of the damages caused by its conduct. 55 Ill. 2d 84, 92, 302 N.E.2d 40, 44.

■ The jury in the instant case found the loss of plaintiff's finger to be worth $56,000 and assessed damages in that amount against Garrolts. This total included the amount which would be attributable to Blessing Hospital for any actions it took which may have aggravated plaintiff's original injury. Setting off the $18,000 amount which the hospital already voluntarily paid plaintiff in settlement compensation for any injuries it may have caused merely saved defendant the trouble of suing the hospital to recover the hospital's share of the total liability. It did not unjustly enrich defendant and definitely not at the expense of plaintiff. To allow plaintiff to have the settlement payment from the hospital while requiring Garrolts to pay the entire amount of the judgment against it would allow a double recovery to the plaintiff. The plaintiff would then be receiving more than the jury determined he should be allowed to recover, having reduced his recoverable damages by 50% due to his own negligence in the use of the product. The setoff was properly allowed by the trial court.

For the foregoing reasons we affirm the order of the circuit court.

Affirmed.

GREEN and LUND, JJ., concur.